UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| HOLLY NEWMAN, on behalf of herself and all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>DIRECT ENERGY, LP,<br><br>*Defendant.* | Case No. _____<br><br>**JURY TRIAL DEMANDED** |

## CLASS ACTION COMPLAINT

Plaintiff, Holly Newman, individually and on behalf of all others similarly situated, alleges on personal knowledge, investigation of her counsel, and on information and belief as follows:

### NATURE OF ACTION

1. Plaintiff brings this case against Defendant Direct Energy ("Direct") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227, and the Federal Communications Commission ("FCC" or "Commission") rules promulgated thereunder, 47 C.F.R. § 64.1200 (hereinafter referred to as the "TCPA").

2. Defendant has violated the TCPA by making calls to Plaintiff's and Class Members' cellular telephones using an "artificial or prerecorded voice" without Plaintiff's and Class Members' "prior express consent" within the meaning of the TCPA.

3. Plaintiff therefore brings this action for injunctive relief and statutory damages to hold Defendant accountable for its illegal activities in utilizing prerecorded message telemarketing calls to persons who never gave their prior express consent to receive such calls.

## JURISDICTION AND VENUE

4. This matter in controversy exceeds $5,000,000, as each member of the proposed Class and Subclass of thousands is entitled to up to $1,500 in statutory damages for each call that has violated the TCPA. Further, Plaintiff alleges a national class, which will include at least one Class member who is a citizen of a different state. Accordingly, this Court has jurisdiction pursuant to 28 U.S.C. § 1332(d)(2).

5. This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over Defendant because the conduct at issue in this case occurred in, among other locations, Maryland. In particular, Defendant sent and/or initiated unauthorized prerecorded phone calls to Plaintiff who lives in this District.

7. Venue is proper because a substantial portion of the events complained of occurred in this District.

## PARTIES

8. Plaintiff Holly Newman is, and at all times mentioned herein was, an individual Citizen of the State of Maryland residing in the City of Prince Frederick.

9. Defendant Direct Energy is a Texas utility company with its headquarters in Houston, Texas, which provides services to consumers throughout the United States, including the Northeast region.

**THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227**

10. In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

11. The TCPA regulates, among other things, the use of artificial or prerecorded messages. Specifically, the plain language of section 227(b)(1)(A)(iii) prohibits the use of

prerecorded messages to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

12. As the FCC has explained, Congress prohibited prerecorded calls because it considered such calls to be costly, inconvenient, and a greater nuisance and invasion of privacy than live solicitation calls. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.[1] Courts have long held that that a "called party" under the TCPA is the recipient of the call, not the party the caller was intending to reach.[2]

## FACTUAL ALLEGATIONS

13. Defendant has conducted a wide-scale calling campaign to its Northeast region, repeatedly making unsolicited telemarketing calls to the cellular telephones of persons who did not give Defendant their prior express consent to receive prerecorded calls.

14. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

15. Beginning in or around January of 2019, Defendant placed an autodialed call utilizing a prerecorded message to Plaintiff's cellular phone ((XXX) XXX- 6280). When Plaintiff answered the phone, she heard a prerecorded message from Defendant regarding an electric bill. Plaintiff was ultimately connected with a live representative of Defendant wherein that representative solicited Plaintiff to purchase solar panels from Direct Energy.

---

[1] *In re Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 18 FCC Rcd 14,014 (2003) ("*2003 FCC Declaratory Ruling*").
[2] *See, e.g., Osorio v. State FAssetCare Bank, F.S.B.*, 746 F.3d 1242, 1251 (11th Cir. 2014); *Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638-39 (7th Cir. 2012).

16. On information and belief, Defendant attempted to initiate other autodialed calls utilizing prerecorded messages to Plaintiff's cellular phone. The information concerning the exact dates and times of those other calls is within Defendant's possession.

17. Direct Energy is, and at all times mentioned herein was a "person," as defined by 47 U.S.C. § 153(39).

18. Due to the conduct alleged herein, Plaintiff suffered concrete harm in the form of lost time spent fielding an unwanted autodialed call utilizing a prerecorded message, loss of use of her cellular telephone as the call came in, and the invasion of privacy and intrusion upon her seclusion.

19. Defendant utilized a prerecorded message, as defined by 47 U.S.C. § 227(a)(1), to call Plaintiff. Indeed, when Plaintiff answered the call from Defendant, there was no live representative on the line. Rather, Plaintiff heard a prerecorded message with a robotic voice identifying itself as Direct Energy and informing Plaintiff that she was receiving this call in regards to her electricity bill.

20. Plaintiff's telephone number called by Defendant was assigned to a cellular telephone service as specified in 47 U.S.C. § 227(b)(1)(A)(iii).

21. Plaintiff did not provide her "prior express consent" allowing Direct Energy to place telephone calls to Plaintiff's cellular phone utilizing prerecorded messages within the meaning of 47 U.S.C. § 227(b)(1)(A). Indeed, Plaintiff is not, nor was she ever, a customer of Direct Energy.

22. The telephone calls made to Plaintiff's cellular phone by Defendant were not "for emergency purposes" as described in 47 U.S.C. § 227(b)(1)(A).

23. The telephone calls to Plaintiff's and Class Members' cellular phones made by Defendant, which utilized prerecorded messages for non-emergency purposes and in the absence of Plaintiff's and Class Members' prior express consent, violated 47 U.S.C. § 227(b)(1)(A).

24. Under the TCPA and pursuant to the FCC's January 2008 Declaratory Ruling, the burden is on Defendant to demonstrate that Plaintiff provided it with prior express consent within the meaning of the statute.[3]

## CLASS ACTION ALLEGATIONS

25. Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated (hereinafter referred to as "the Class").

26. Plaintiff proposes the following Class definition, subject to amendment as appropriate:

> All persons in the Direct Energy's Northeast region to whom Defendant placed an artificial or prerecorded voice call, and who did not provide to Defendant the cellular phone number called, from four years prior to the date of this complaint through the date of class certification.

Collectively, all these persons will be referred to as "Class members."

27. Plaintiff represents, and is a member of, the Class. Excluded from the Class are persons in Direct Energy's Texas region, Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge to whom this action is assigned and any member of such Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

28. Plaintiff does not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum is in the thousands.

---

[3] *See 2008 FCC Declaratory Ruling*, 23 FCC Rcd. at 565 ¶ 10.

29. Plaintiff and all members of the Class and Subclass have been harmed by the acts of Defendant, including, but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications.

30. This Class Action Complaint seeks injunctive relief and money damages.

31. The joinder of all Class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of claims in a class action will provide substantial benefit to the parties and the judicial economy of the Court in avoiding a multiplicity of identical suits. The Class can be identified easily through records maintained by Defendant.

32. There are well-defined, nearly identical, questions of law and fact affecting all Class members. The questions of law and fact involving the Class claims predominate over questions which may affect individual Class members. Those common questions of law and fact include, but are not limited to, the following:

    a. Whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an artificial or prerecorded voice;

    b. Whether such calls were made by Defendant;

    c. Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated) to make such calls;

    d. Whether Defendant's conduct was knowing and/or willful;

    e. Whether Defendant is liable for damages, and the amount of such damages; and

    f.  Whether Defendant should be enjoined from engaging in such conduct in the future.

33. As a person who received a call utilizing a prerecorded message without her prior express consent within the meaning of the TCPA and Rules, Plaintiff asserts claims that are typical of each Class member. Plaintiff will fairly and adequately represent and protect the interests of the Class, and has no interests which are antagonistic to any member of the Class.

34. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes, including claims under the TCPA.

35. A class action is the superior method for the fair and efficient adjudication of this controversy. Class-wide relief is essential to compel Defendant to comply with the TCPA. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for the violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all prerecorded and the Class members did not provide prior express consent, as required under the statute, to authorize such calls to their cellular telephones.

36. Defendant has acted on grounds applicable to the Class, thereby making final injunctive relief and corresponding declaratory relief with respect to the Class as a whole appropriate. Moreover, on information and belief, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST CLAIM FOR RELIEF
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227)**

37. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully stated herein.

38. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above cited provisions of 47 U.S.C. § 227.

39. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, Plaintiff and each member of the Class and Subclass are entitled to treble damages of up to $1,500 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

40. Plaintiff and all Class members are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future. Plaintiff and Class members are also entitled to an award of attorneys' fees and costs.

### SECOND CLAIM FOR RELIEF
**Statutory Violations of the Telephone Consumer Protection Act**
**(47 U.S.C. § 227)**

41. Plaintiff incorporates by reference the foregoing paragraphs of this Complaint as if fully set forth herein.

42. The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227.

43. As a result of Defendant's violations of 47 U.S.C. § 227, Plaintiff and Class members are entitled to an award of $500 in statutory damages for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

44. Plaintiff and Class members are also entitled to and do seek injunctive relief prohibiting Defendant's violation of the TCPA in the future.  Plaintiff and Class members are also entitled to an award of attorneys' fees and costs

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court grant Plaintiff and all Class members the following relief against Defendant:

A. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

B. As a result of Defendant's willful and/or knowing violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member treble damages, as provided by statute, of up to $1,500 for each and every violation of the TCPA;

C. As a result of Defendant's violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for herself and each Class member $500 in statutory damages for each and every violation of the TCPA;

D. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

E. An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing an appropriate Class, finding that Plaintiff is a proper representative of the Class, and appointing the lawyers and law firms representing Plaintiffs as counsel for the Class; and

F. Such other relief as the Court deems just and proper.

DATED: September 24, 2021    Respectfully submitted,

By:    */s/ Gary E. Mason*

Gary E. Mason
**MASON LIETZ & KLINGER LLP**
5101 Wisconsin Ave., NW, Ste. 305
Washington, DC 20016
Phone: (202) 640-1160
Fax: (202) 429-2294
Email: gmason@masonllp.com

**MASON LIETZ & KLINGER, LLP**
Gary M. Klinger (*pro hac vice* forthcoming)
227 W. Monroe St., Ste. 2100
Chicago, Illinois 60606
Phone: 202.975.0477
gklinger@masonllp.com

**LIEFF CABRASER, HEIMANN & BERNSTEIN, LLP**
Daniel M. Hutchinson (*pro hac vice* forthcoming)
dhutchinson@lchb.com
Evan J. Ballan (*pro hac vice* forthcoming)
eballan@lchb.com
275 Battery Street, 29th Floor
San Francisco, CA  94111-3339
Telephone:    (415) 956-1000
Facsimile:     (415) 956-1008

*Attorneys for Plaintiff and the Proposed Class*