IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| HOLLY NEWMAN, ON BEHALF OF ALL OTHERS SIMILARLY SITUATED, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | Case No.: GJH-21-2446 |
| DIRECT ENERGY, LP, | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION

Plaintiff Holly Newman brings this civil action against Defendant Direct Energy for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Federal Communications Commission rules promulgated thereunder, 47 C.F.R. § 64.1200. Pending before the Court is Defendant's Motion to Dismiss or Strike Class Allegations, ECF No. 10. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the following reasons, Defendant's Motion to Dismiss or Strike Class Allegations is denied.[1]

## I.   BACKGROUND[2]

### A. Factual Background

Plaintiff is a citizen of the state of Maryland, residing in the city of Prince Frederick. ECF No. 1 at 2.[3] Defendant is a Texas utility company that provides services to consumers throughout

---

[1] Also pending are Plaintiff's Motions to Withdraw as Attorney as to Evan J. Ballan, ECF No. 33, and Gary E. Mason, ECF No. 34. Those Motions are granted.
[2] Unless stated otherwise, all facts are taken from Plaintiff's Complaint or documents attached to and relied upon in the Complaint and are accepted as true. *See E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).
[3] Pin cites to documents filed on the Court's electronic filing system (CM/ECF) refer to the page numbers generated by that system.

1

the United States, including the Northeast region, with its headquarters located in Houston, Texas. *Id.* Plaintiff alleges that Defendant has engaged in a wide-scale calling campaign to its Northeast region, repeatedly making unsolicited telemarketing calls to the cellular telephones of persons who did not give Defendant their prior express consent to receive prerecorded calls. *Id.* at 3. Specifically, Plaintiff alleges that beginning in or around January of 2019, Defendant placed an autodialed call utilizing a prerecorded message to Plaintiff's cellular phone. Plaintiff states that when she answered the phone she heard a prerecorded message from Defendant, regarding an electric bill, and that she was ultimately connected with a live representative of Defendant wherein that representative solicited Plaintiff to purchase solar panels from Direct Energy. *Id.* Plaintiff further believes that Defendant attempted to initiate other autodialed calls utilizing prerecorded messages to Plaintiff's cellular phone. *Id.* at 4. Plaintiff goes on to state that not only is she not, nor was she ever, a customer of Defendant Direct Energy, but also that she did not provide her prior express consent to allow Defendant to place telephone calls to her cellular phone utilizing a prerecorded message. *Id.* at 4.

Plaintiff alleges that she suffered harm "in the form of lost time spent fielding an unwanted autodialed call utilizing a prerecorded message, loss of use of her cellular telephone as the call came in, and the invasion of privacy and intrusion upon her seclusion." ECF No. 1 at 4. Plaintiff also brings claims and seeks relief as the representative of a class pursuant to Federal Rule of Civil Procedure 23. *Id.* at 5. Plaintiff proposes the following class definition:

> All persons in [] Direct Energy's Northeast region to whom Defendant placed an artificial or prerecorded voice call, and who did not provide to Defendant the cellular phone number called, from four years prior to the date of this complaint through the date of class certification. *Id.*

Plaintiff maintains that "all members of the class [] have been harmed by the acts of Defendant, including but not limited to, the invasion of their privacy, annoyance, waste of time,

depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications." *Id.* at 6.

To remedy these violations, Plaintiff seeks for herself and each class member "injunctive relief prohibiting Defendant's future violations of the TCPA; treble damages as provided by statute for willful and/or knowing violations of 47 U.S.C. § 227(b)(3), up to $1,500 for each violation of the TCPA; $500 in statutory damages for each violation of the TCPA; an award of attorney's fees and costs; and such other relief as the Court deems just and proper." *Id.* at 8.

Defendant filed a Motion to Dismiss or Strike Plaintiff's Class Allegations, ECF No. 10, and an accompanying Memorandum in Support, ECF No. 10-1, and three accompanying exhibits, 10-2, 10-3, and 10-4 on December 3, 2021. Defendant maintains that Plaintiff's class claims are barred on comity and personal jurisdiction grounds. ECF No. 10-1 at 8, 11. Plaintiff filed an Opposition to Defendant's Motion on January 14, 2022, ECF No. 29, and Defendant filed a Reply Brief on February 4, 2022, ECF No. 30. To properly address Defendant's arguments, this Court lays out the history of the prior Texas lawsuit.

### B.  Texas Lawsuit

Prior to the initiation of this action, the Plaintiff, Brittany Burk ("Burk"), filed suit against Direct Energy in the United States District Court for the Southern District of Texas ("Texas") for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"), and the Federal Communications Commission rules promulgated thereunder, 47 C.F.R. § 64.1200. No. 4:19-cv-663, ECF No. 1. In the Complaint, Burk alleged that Direct Energy violated the TCPA by making calls to Burk and class members' cell phones using an artificial or prerecorded voice and/or an automatic telephone dialing system without Burk's or class members' prior express consent within the meaning of the TCPA. *Id.*

Burk alleged that Direct Energy "conducted a wide-scale calling campaign making unsolicited debt collection calls to the cell phones of persons who did not give their prior express consent." *Id.* at 5. Burk went on to allege that "beginning in or around December of 2018 [she] began receiving numerous prerecorded messages, autodialed calls, and text messages on her cell phone." *Id.* at 6. Burk believes that she received at least ten calls from Direct Energy over a period of a few months. *Id.* Burk stated that she suffered "concrete harm in the form of lost time spent fielding the unwanted calls and attempting to get Defendant to stop the calls, loss of use of her cellular telephone as the calls came in, and the invasion of privacy and intrusion upon her seclusion." *Id.* at 7–8.

Burk brought the case on behalf of herself and on all other persons similarly situated. Burk proposed the following class definition:

> All persons in the United States to whom Defendant placed an artificial or prerecorded voice call or an automatic telephone dialing system call, and who did not provide the cellular phone number called on any initial application for Defendant's service, from four years prior to the date of this complaint through the date of class certification. *Id.* at 9.

Burk also proposed the following subclass definition:

> All persons in the United States to whom Defendant placed an artificial or prerecorded voice call or an automatic telephone dialing system call, who did not provide the cellular phone number called on any initial application for Defendant's service, and who never entered into any contract with Defendant, from four years prior to the date of this complaint through the date of class certification. *Id.* at 9–10.

After discovery in the Texas case, Burk moved for class certification, which the Texas Court denied. *Burk v. Direct Energy*, No. 4:19-CV-663, 2021 WL 4267146 (Sept. 20, 2021). In denying Burk's motion, the Court stated that "the pivotal issue highlighted by the record accompanying the parties' class certification briefs is the feasibility of determining the existence or absence of consent with class-wide proof." *Id.* at 1. The Court found that the marketing calls

Burk complained of were made by a third party that Direct Energy hired to comply with the TCPA. The third party used websites to ask consumers to give express written consent to be contacted. *Id.* Evidence showed that there were at least nine different websites, of which Burk and at least three class members alleged they never visited and never gave the consent to contact them. *Id.* The Court found that "each side's evidence regarding consent is extremely individualized, vehemently contested, and complex enough to require expert testimony. As a result, by all indications, myriad mini-trials cannot be avoided." *Id.* at 4. Because of this, the Court denied Burk's motion for certification stating that she "has failed to carry her burden of establishing that the requirements of Federal Rule of Civil Procedure 23 have been met." *Id.* at 6.

## II.     STANDARD OF REVIEW

Defendants move to dismiss or strike class allegations in this action under Rules 12(f) and 12(b)(2) based on personal jurisdiction and on grounds of comity in light of the litigation in Texas. ECF No. 10-1 at 6–7. Defendants also move to dismiss or strike class allegations under Rule 23(d)(1)(D). *Id.*

### A. Rule 12(f)

A Rule 12(f) challenge permits the court to strike claims that are immaterial to any matter before the Court. Fed. R. Civ. P. 12(f). "A motion to strike under Federal Rule 12(f) is an appropriate remedy for the elimination of 'redundant, immaterial, impertinent, or scandalous matter' in any pleading." *Gilman & Bedigian, LLC v. Sackett*, 337 F.R.D. 113, 116 (D. Md. Sept. 4, 2020). Striking pleadings is a drastic remedy that is generally disfavored by courts. *Waste Mgmt. Holdings, Inc. v. Gilmore*, 252 F.3d 316, 347 (4th Cir. 2001). However, "[C]ourts generally have not used doctrine applicable to traditional uses of Rule 12(f) in addressing motions to strike class allegations." *See* 5C Arthur R. Miller et al., Federal Practice & Procedure

§ 1383. "This suggests an understanding among courts adjudicating putative class actions that defendants often label early attempts to thwart class claims as 'motions to strike' without intending to seek a Rule 12(f)-based ruling." *Williams v. Potomac Fam. Dining Grp. Operating Co., LLC,* No. GJH-19-1780, 2019 WL 5309628, at *4 n.5 (D. Md. Oct. 21, 2019). As such the Court will not consider Defendant's motion under Rule 12(f).

### B. Rule 12(b)(2)

"A Rule 12(b)(2) challenge raises an issue for the court to resolve, generally as a preliminary matter." *Grayson v. Anderson*, 816 F.3d 262, 267 (4th Cir. 2016). Under Rule 12(b)(2), a defendant "must affirmatively raise a personal jurisdiction challenge, but the plaintiff bears the burden of demonstrating personal jurisdiction at every stage following such a challenge." *Id.* The burden is "on the plaintiff ultimately to prove the existence of a ground for jurisdiction by a preponderance of the evidence." *Id.*

### C. Rule 23(d)(1)(D)

"Rule 23(d)(1)(D) provides that in conducting an action under Rule 23, a court may issue orders that 'require that the pleadings be amended to eliminate allegations about representation of absent persons and that the action proceed accordingly.' Relying on these authorities, several circuits, including the Fourth Circuit in an unpublished table decision, have found that Rule 23 permits defendants to file preemptive motions to deny certification before discovery is completed." *Williams v. Potomac Fam. Dining Grp. Operating Co., LLC,* No. GJH-19-1780, 2019 WL 5309628, at *4 (D. Md. Oct. 21, 2019) (citing *Richardson v. Bledsoe*, 829 F.3d 273, 288–89 (3d Cir. 2016); *Manning v. Boston Med. Ctr. Corp.*, 725 F.3d 34, 59 (1st Cir. 2013); *Pilgrim v. Universal Health Card, LLC*, 660 F.3d 943, 949 (6th Cir. 2011); *Kasalo v. Harris & Harris, Ltd.*, 656 F.3d 557, 563 (7th Cir. 2011); *Vinole v. Countrywide Home Loans, Inc.*, 571

F.3d 935, 939–41 (9th Cir. 2009); *Strange v. Norfolk & W. Ry.*, No. 85–1929, 1987 WL 36160, at *3 (4th Cir. Jan. 12, 1987) (unpublished table decision)). The guidelines for making this assessment are provided by the familiar standard of review for motions to dismiss under Rule 12(b)(6). *Blihovde v. St. Croix Cty.,* 219 F.R.D. 607, 613–14 (W.D. Wis. 2003); see also *Picus v. Wal-Mart Stores, Inc.*, 256 F.R.D. 651, 655 (D. Nev. 2009).

In general, to state a claim that survives a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The "mere recital of elements of a cause of action, supported only by conclusory statements, is not sufficient to survive a motion made pursuant to Rule 12(b)(6)." *Walters v. McMahen*, 684 F.3d 435, 439 (4th Cir. 2012). To determine whether a claim has crossed "the line from conceivable to plausible," the Court must employ a "context-specific" inquiry, drawing on the court's "experience and common sense." *Iqbal*, 556 U.S. at 679–80 (quoting *Twombly*, 550 U.S. at 570). When performing this inquiry, the Court accepts "all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 255 (4th Cir. 2009). The Court need not, however, accept unsupported legal conclusions, *Revene v. Charles Cnty. Comm'rs,* 882 F.2d 870, 873 (4th Cir. 1989), nor must it agree with legal conclusions couched as factual allegations, *Iqbal,* 556 U.S. at 678, or conclusory factual allegations devoid of any reference to actual events, *United Black Firefighters of Norfolk v. Hirst,* 604 F.2d 844, 847 (4th Cir. 1979); see also *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009).

### III. DISCUSSION

#### A. Personal Jurisdiction

Defendant argues that the Court lacks personal jurisdiction over the class claims because Plaintiff cannot establish a basis for personal jurisdiction for the claims of every unnamed member of the putative class. The Supreme Court has recognized two types of personal jurisdiction: general jurisdiction and specific jurisdiction. *Bristol-Myers Squibb Co. v. Super. Ct. of Cal.*, 137 S. Ct. 1773, 1779–80 (2017). "A court with general jurisdiction may hear *any* claim against that defendant, even if all the incidents underlying the claim occurred in a different state." *Id*. (emphasis in original). Because Defendant Direct Energy is a Texas utility company with its headquarters in Houston, Texas and Plaintiff has not alleged affiliations with Maryland that are so "continuous and systemic" as to render it essentially at home in Maryland, general jurisdiction does not apply. *Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) (holding that for a corporation, general jurisdiction exists where the corporation is fairly considered at home, primarily established by its place of incorporation and principal place of business).

"Specific jurisdiction is confined to adjudication of issues deriving from, or connected with, the very controversy that establishes jurisdiction." *Bristol-Myers*, 137 S. Ct. at 1780. Plaintiff's Complaint alleges that Defendant "sent and/or initiated unauthorized prerecorded phone calls to Plaintiff who lives in this District." ECF No. 1 ¶ 6. Thus, as Defendant appears to concede, ECF No. 10-1 at 13, Plaintiff has established specific personal jurisdiction over her individual claims.

Defendants cite *Bristol-Myers Squibb* and *Transunion LLC* for the proposition that the Court lacks personal jurisdiction over the class allegations because Plaintiff does not allege that

the claims of the unnamed plaintiffs arise from Defendant's contacts with the state of Maryland. ECF No. 10-1 at 11–14. However, *Bristol-Myers Squibb* concerned the exercise of personal jurisdiction by a state court over state law claims, where there were no absentee plaintiffs. *Bristol-Myers*, 137 S. Ct. 1773. While the Defendant is correct that the *Transunion* Court stated that "Article III does not give federal courts the power to order relief to any uninjured plaintiff, class action or not," *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2207 (2021), that case was about the requirement that each and every plaintiff have standing, even in a class action suit. The *Transunion* Court did not mention personal jurisdiction or refer to unnamed class members needing to assert personal jurisdiction in an action, even before class certification.

The Fourth Circuit has yet to opine on the impact of *Bristol-Myers* to unnamed plaintiffs in federal class actions. However, other courts have declined to apply *Bristol-Myers* in that circumstance. *See Richards v. NewRez LLC,* No. CV ELH-20-1282, 2021 WL 1060286, at *17–18 (D. Md. Mar. 18, 2021); s*ee also Labrecque v. NewRez LLC*, No. CV-19-00465-TUC-RCC (EJM), 2020 WL 3276699, at *11 (D. Nev. June 16, 2020) ("[F]ederal courts in the Ninth Circuit have taken the lead in declining to extend *Bristol-Myers* to [the class action] context, at least as to the claims of non-named plaintiffs.") (collecting cases). This Court agrees with that approach. "It is class certification that brings the unnamed class members into the action and triggers due process limitations on a court's exercise of personal jurisdiction over their claims." *Molock v. Whole Foods Mkt. Grp., Inc.*, 952 F.3d 293, 298 (D.C. Cir. 2020) (concluding the motion to dismiss putative class members was premature and should be filed after the class is certified). Thus, Defendant's argument is premature and the Court will deny the Defendant's motion to dismiss under Rule 12(b)(2) for lack of personal jurisdiction.

### B. Rule 23 Requirements

"Rule 23(a) requires that [a] prospective class comply with four prerequisites: (1) numerosity; (2) commonality; (3) typicality; and (4) adequacy of representation." *EQT Prod. Co. v. Adair*, 764 F.3d 347, 357 (4th Cir. 2014) (citing Fed. R. Civ. P. 23(a)). "[N]umerosity requires that a class be so large that 'joinder of all members is impracticable.'" *Lienhart v. Dryvit Sys., Inc.*, 255 F.3d 138, 146 (4th Cir. 2001) (quoting Fed. R. Civ. P. 23(a)(1)). "Commonality requires that 'there are questions of law or fact common to the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(2)). For this requirement to be met, the proceeding must not only raise common questions, but must also be able "to generate common answers apt to drive the resolution of the litigation." *EQT Prod. Co.*, 764 F.3d at 360 (quoting *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011)). "Typicality requires that the claims of the named class representatives be typical of those of the class; 'a class representative must be part of the class and possess the same interest and suffer the same injury as the class members.'" *Lienhart*, 255 F.3d at 146 (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 156 (1982)). Finally, "[r]epresentativeness requires that the class representatives 'will fairly and adequately protect the interests of the class.'" *Id.* (quoting Fed. R. Civ. P. 23(a)(4))." *Potomac Fam. Dining Grp. Operating Co., LLC*, 2019 WL 5309628, at *6. "Rule 23 [also] contains an implicit threshold requirement that the members of a proposed class be 'readily identifiable.'" *Krakauer v. Dish Network, LLC*, 925 F.3d 643, 654–55 (4th Cir. 2019). "Under this principle, sometimes called 'ascertainability,' a class cannot be certified unless a court can readily identify the class members in reference to objective criteria." *Id.*

In addition to satisfying the requirements of Rule 23(a), "the class action must fall within one of the three categories enumerated in Rule 23(b)." *EQT Prod. Co.*, 764 F.3d at 357. (quoting

*Gunnells v. Healthplan Servs., Inc*., 348 F.3d 417, 423 (4th Cir. 2003)). Plaintiff here asserts class claims pursuant to Rule 23(b)(3), "which seeks damages for widespread wrongful conduct." *Krakauer*, 925 F.3d at 655. "To obtain certification under Rule 23(b)(3), the plaintiff must show both that '[1] questions of law and fact common to class members predominate over any questions affecting only individual class members, and [2] that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy.'" *Id.* (quoting Fed. R. Civ. P. 23(b)(3)). "These two requirements have been labeled 'predominance' and 'superiority.'" *Id.*

In applying these standards to the Plaintiff's class allegations, we first analyze the substantive law at issue. The TCPA was passed in response to "[numerous] consumer complaints about abuses of telephone technology." *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 370–71 (2012). Congress has also authorized the FCC to implement rules and regulations enforcing the TCPA. 47 U.S.C. § 227(b)(2). The TCPA makes it "unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call." 47 U.S.C. § 227(b)(1)(A)(iii); *Hossfeld v. Gov't Employees Ins. Co.*, 88 F. Supp. 3d 504, 509 (D. Md. 2015). Plaintiff's proposed Rule 23(b)(3) class definition is as follows:

> All persons in the Direct Energy's Northeast region to whom Defendant placed an artificial or prerecorded voice call, and who did not provide to Defendant the cellular phone number called, from four years prior to the date of this complaint through the date of class certification. ECF No. 1 at 5.

Plaintiff's Complaint plausibly fits within the requirements of both Rule 23(a) and Rule 23(b)(3). Plaintiff alleges that she "does not know the exact number of members in the Class, but on information and belief, the number of Class members at minimum, is in the thousands." ECF No. 1 at 5. Plaintiff also alleges that "Plaintiff and all members of the class … have been harmed by the acts of Defendant, including but not limited to, the invasion of their privacy, annoyance, waste of time, depletion of their cellular phone battery, and the intrusion on their cellular telephone that occupied it from receiving legitimate communications, [and that] there are common questions of law and fact [such as] 'whether non-emergency calls made to Plaintiff and Class members' cellular telephones used an artificial or prerecorded voice; [and] whether such calls were made by Defendant….'" *Id.* at 6–7. Plaintiff goes on to state that "[a]s a person who received a call utilizing a prerecorded message without her prior express consent, [she] asserts claims that are typical of each Class member; [and that] Plaintiff will fairly and adequately represent and protect the interests of the Class [as] she has retained counsel experienced in handling class action claims…." *Id.* at 7. Because it is clear from the face of the Complaint that Plaintiff can plausibly meet Rule 23's requirements for certification, particularly after appropriate discovery, the Court must deny Defendant's motion to dismiss or strike class allegations under Rule 23(d)(1)(D). *See Miller v. Baltimore Gas & Elec. Co.*, 202 F.R.D. 195, 200–01 (D. Md. 2001) (stating that because class certification was not precluded as a matter of law, the Court would allow the plaintiffs appropriate discovery on class certification issues, particularly where the plaintiffs "have not had the benefit of any discovery in their attempt to make [the] showing required for certification under Rule 23."). *See also id.* at 201 (quoting *Alexander v. Fed. Bureau of Investigation*, 971 F.Supp. 603, 612 (D.D.C. 1997) "allowing

discovery because 'it is clear that there are common issues of law and fact that exist and plaintiffs should have the opportunity to separate the noncommon issues.'").

### C. Comity

Finally, Defendant argues that this Court should strike or dismiss Plaintiff's class allegations on comity grounds because of the denial of class certification in the Texas case. The Fourth Circuit has stated that "the doctrine of comity instructs federal judges to avoid 'stepping on each other's toes when parallel suits are pending in different courts.'" *In re Naranjo*, 768 F.3d 332, 348 (4th Cir. 2014). Defendant cites the Supreme Court in *Smith v. Bayer*, 564 U.S. 299 (2011), for the proposition that courts "are expected" to apply comity to other courts decisions regarding class certification. ECF No. 10-1 at 8. The Court disagrees with Defendant's comity argument.

First, the statement from *Smith v. Bayer* relied on by Defendant is clearly dicta in a case that addressed an entirely different issue; whether the re-litigation exception of the Anti-Injunction Act permitted a federal court to issue an injunction preventing a state court from considering a motion for class certification. Specifically, in *Smith*, a federal district court attempted to prevent the state court from considering a plaintiff's request to approve a class action because the federal court had earlier denied a motion to certify a class in a related case that was brought by a different Plaintiff against the same Defendant alleging similar claims. Analyzing the issue as one of claim preclusion, the Supreme Court held that the federal court exceeded its authority under the Anti-Injunction Act, because the issue presented in the two courts were not identical and the Plaintiff in the second lawsuit was not a party to the first. *Smith v. Bayer*, 564 U.S. at 307. Thus, neither requirement of claim preclusion was satisfied.

Even assuming that the actual holding and analysis of *Smith* is applicable here, beyond the Defendant's preferred dicta, the Plaintiff here, Ms. Newman, was not a party to the previous Texas suit and therefore cannot be bound. *See* ECF No. 10-1 at 8–11 (arguing that this Court should strike class allegations because the Texas District Court denied certification in an earlier similar suit). "A nonnamed class member is not a party to the class-action litigation before the class is certified … neither a proposed class action nor a rejected class action may bind nonparties, only class actions approved under rule 23." *Smith v. Bayer*, 564 U.S. at 313–15. In the instant case, Defendant is attempting to bind Plaintiff to the decision by the Texas District Court in which they denied class certification in a similar class action lawsuit. ECF No.10-1 at 8–11. However, in the previous Texas suit, there was a different named plaintiff and class certification was denied. *See Burk v. Direct Energy*, No. 4:19-CV-663, 2021 WL 4267146 (Sept. 20, 2021).

Focusing on the Supreme Court's statement that "[they] would expect federal courts to apply principles of comity to each other's class certification decisions when addressing a common dispute," *Smith v. Bayer*, 564 U.S. at 317, there is limited case law in this circuit that addresses the import of this dicta in the context of similar class action lawsuits being filed in different jurisdictions by different parties. Of the circuits to address it, the Seventh and Tenth Circuits have found that principles of comity do not require dismissal of the subsequent "copycat" suit. *See Smentek v. Dart,* 683 F.3d 373, 376 (7th Cir. 2012) (holding that *Smith v. Bayer* did not adopt a rule of comity in class action suits that preclude granting class certification in a copycat class action). *See also Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 999 (10th Cir. 2021) (holding that there is no right to comity and that comity only requires a "court to pay respectful attention to the decision of another judge in a materially identical case, but no more

14

than that."). Furthermore, to preclude the class action in this case would be to subject the non-party Plaintiff to the judgment of a previous case, which is the exact thing that *Smith v. Bayer* refused to do.

In support of its motion, Defendant also cites to *In re Naranjo*, where it states that courts should avoid "stepping on each other's toes when parallel suits are pending in different courts." 768 F.3d at 348. However, this case does not defeat the premise that principles of comity are discretionary, and *Naranjo* did not involve non-parties, as does the case at hand. In deciding to use the doctrine of comity in *Naranjo*, the court took care to note that the case involved two *pending* cases, the same documents, and the same parties. *Id.* at 348–49. (Holding that it was appropriate to give comity to the previous court's ruling because the parties were "re-litigating an issue pertaining to the same documents and affecting the same parties that were before the Second Circuit … and were they to find otherwise, a [party] could escape [] obligations because of geographic happenstance.").

With all of these principles in mind, this Court looks to the Texas Court's ruling in the previous class action case and finds that it does not warrant this Court applying principles of comity to strike or dismiss Plaintiff's class allegations. In deciding to deny class certification in the previous action, the Texas court used Fifth Circuit precedent in highlighting three points that were important under Rule 23(b)(3)'s predominance requirement. *Burk v. Direct Energy, LP*, No. 4:19-CV-663, 2021 WL 4267146, at *3. (Focusing on the evidence the defendant produced regarding consent; the defendant's evidence of multiple sources; and that Plaintiff had not met its burden to establish consent or lack thereof via class-wide proof).

While some of these factors may overlap with Fourth Circuit case law, each of the two circuits has its own precedent to apply and may do so differently when deciding whether a class

should be certified under Rule 23(b)(3). Therefore, not only is the Plaintiff in the instant case a non-party to the previous suit as clarified above, but the different legal standards preclude giving comity to the Texas Court decision because the issues before the courts are not the same. *See Smith v. Bayer*, 564 U.S. at 309 (holding that because the legal standards in the two courts differed, the issues before the courts differed). Furthermore, the Texas Court decided to deny class certification after looking at the evidence: "each side's evidence regarding consent is extremely individualized, vehemently contested, and complex enough to require expert testimony, [and] as a result … 'mini trials cannot be avoided.'" *Burk,* 2021 WL 4267146 at *4. The parties before this Court have not engaged in discovery and the Court has not had the opportunity to evaluate the evidence under its own legal standards, and as such cannot strike or dismiss the class allegations at this stage. For the foregoing reasons, Defendant's Motion to Strike or Dismiss Class Allegations for comity reasons is denied.

## IV.     CONCLUSION

For the foregoing reasons, Defendant's Motion is denied, and Plaintiff's Motions are granted. A separate Order follows.


Date: <u>September 22, 2022</u>               ___/s/_____
                                              GEORGE J. HAZEL
                                              United States District Judge